73,015-14

NO. _____

# MOTION FOR LEAVE TO FILE PETITION
## FOR WRIT OF MANDAMUS

This document contains some pages that are of poor quality at the time of imaging.

IN RE WILLIE HENRY III
RELATOR

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

V.

THE 252nd CRIMINAL DISTRICT COURT
JEFFERSON COUNTY, TEXAS
RESPONDENT

IN THE COURT OF
CRIMINAL APPEAL, TX.

IN RE WILLIE HENRY III

TO THE SAID HONORABLE COURT:

NOW COMES, I, WILLIE HENRY, III, RELATOR Filing PRO SE, AND ASKS LEAVE OF COURT TO FILE THE ATTACHED PETITION FOR WRIT OF MANDAMUS, and WOULD SHOW THE FOLLOWING:

## I.
### JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION FROM THE FINAL FELONY CONVICTION FROM THE FINAL FELONY CONVICTION IN CAUSE NO. 98575, FROM THE 252nd CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY, TEXAS. TX CONST. ART 5 §5; TX. GOV. CODE § 22.221

## II.
### EXTRAORDINARY

THIS IS AN EXTRAORDINARY CASE WHERE A MISCARRAIGE OF JUSTICE HAS OCCURRED.

1. RELATOR WAS TRIED AND GUILT ADJUDICATED ON THE OFFENSE OF AGGRAVATED ASSAULT. TRIAL COUNSEL, COURT, NOR PROSECUTION APRISED RELATOR OF THE VITAL

1

ELEMENT OF SERIOUS BODILY INJURY WHICH IS DEFINED § 1.07 (a)(46) TX. PENAL

CODE. THIS LACK OF TRUE NOTICE CAUSED THE PLEA, WAIVERS, and JUDICIAL CONFESSION

(admission) TO BE INVOLUNTARY.

2) TRIAL COUNSEL WAS INEFFECTIVE and INCOMPETENT AT TRIAL and AT TIME TO FILE

MOTION FOR NEW TRIAL.

a) NO INVESTIGATION OF THE WITNESSES, ALLEGED VICTIM, LAW, or FACTS.

b) IAC AT PLEA BARGAIN PHASE. URGED RELATOR TO SIGN PLEA OF AGGRAVATED

ASSAULT, EVEN THOUGH THERE WAS NO SERIOUS BODILY INJURY and IT WAS

NOT A LESSER-INCLUDED OFFENSE (Art. 37.09), OF THE ORIGINAL GRAND JURY

OFFENSE OF SEXUAL ASSAULT.

c) IAC WHEN TRIAL COUNSEL ABANDONED RELATOR AT THE CRITICAL STAGE OF

APPEAL and MOTION FOR NEW TRIAL

3) EVIDENCE INSUFFICIENT TO SUPPORT GUILT. SERIOUS BODILY INJURY (S.B.I.)

NOT INCLUDED IN PLEA PAPERS. ART. 1.15 Element MISSING IN ADMISSION OR

CONFESSION WILL NOT SUPPORT PLEA

4) RELATOR'S WAIVER OF JURY TRIAL WAS INVOLUNTARY and FORCED UPON HIM BY

TRIAL COUNSEL. TRIAL COURT KNEW and SHOULD HAVE WITHDRAWN PLEA ON ITS

OWN MOTION. C.C.P. § 26.13 AN INVOLUNTARY WAIVER OF JURY TRIAL

RENDERS A JUDGMENT VOID. VASQUEZ, 140 S.W. 3d 758

A VOID JUDGMENT CAN BE RAISED AT ANY TIME

## III.

## NO ADEQUATE REMEDY

DUE TO RULE OF APPELLATE PROCEDURE 25.2 THE CLAIMS OF IAC and PLEA

BEING INVOLUNTARY COULD ONLY BE BROUGHT ON MOTION FOR NEW TRIAL AND

HABEAS. RELATOR ATTEMPTED TO BRING CLAIMS ON HABEAS 73,015-01 and TRIAL COURT

RELIED ON AN AFFIDAVIT FROM TRIAL COUNSEL, MR. AUDWIN SAMUEL, IN WHICH

HE COMMITTED PERJURY. RELATOR HAS FILE SUBSEQUENT WRIT 73,015-13 and

2

THE TRIAL COURT WANTS THIS HONORABLE COURT TO DISMISS, EVEN THOUGH IT IS SHOWN THAT FEDERAL CONSTITUTIONAL VIOLATION CAUSED THE CONVICTION ON AN OFFENSE WHICH NO REASONABLE TRIER OF FACT COULD HAVE FOUND GUILT DUE TO THE FACT THAT S.B.I. DID NOT OCCUR AND THERE WAS A TOTAL ABSENCE OF EVIDENCE TO SUBSTANTIATE S.B.I.

## IX.
## RELIEF SOUGHT

THE RELATOR SEEKS A MINISTERIAL DUTY, THAT PLEA OF NO CONTEST IS ORDERED TO BE WITHDRAWN and REMAND TO TRIAL COURT. BECAUSE IT IS FROM A PLEA BARGAIN CASE and THERE IS NO EVIDENCE OF S.B.I. THE PROPER REMEDY IS TO WITHDRAW PLEA. HEATH v. STATE, 817 S.W. 2d 335, 343; WILLIAMS v. ST., 696 S.W. 2d 896, 898; SANCHEZ, 543 S.W. 2d 132

## X.
## JUDGMENT ATTACHED

THE JUDGMENT OF CONVICTION IS ATTACHED AS WELL AS INMATE AFFIDAVIT.

## XI.
## PRAYER

WHEREFORE PREMISES CONSIDERED, RELATOR PRAYS THAT THIS HONORABLE COURT GRANTS LEAVE TO FILE and SETS THE CAUSE FOR SUBMISSION.

RESPECTFULLY SUBMITTED

Willie Henry III / Pro Se
#1550834      12/31/14
WYNNE UNIT
810 FM 2821
Huntsville, TX. 77349
10 DORM - 51 BUNK

EXHIBIT #1.

# INMATE UNSWORN
## DECLARATION

MY NAME IS WILLIE HENRY III AND I AM CURRENTLY ILLEGALLY INCARCERATED IN THE WYNNE UNIT IN HUNTSVILLE, TEXAS. I AM GIVING THIS UNSWORN DECLARATION IN SUPPORT OF THE PETITION FOR WRIT INCLUDED, AND DECLARE THAT EVERY STATEMENT HEREIN IS TRUE AND CORRECT. I MAKE THIS DECLARATION UNDER THE PENALTY OF PERJURY. I AM COMPETENT TO GIVE THE FOLLOWING STATEMENTS ACCORDING TO MY PERSONAL KNOWLEDGE AND I AM OVER THE AGE OF 18 YEARS OF AGE.

1. I HIRED MR. AUDWIN SAMUEL IN SEPTEMBER 2005 TO REPRESENT ME IN CAUSE NO. 86480.

2. I GAVE HIM A LIST OF WITNESSES WHOM HE NEVER CONTACTED.

3. ACCORDING TO DOCKET SHEET I WAS RE-INDICTED IN SEPTEMBER 2006 BUT WAS NOT TOLD ABOUT REINDICTMENT BY COUNSEL OR COURT. I DID NOT FIND THAT OUT UNTIL THE REVOCATION HEARING. (BY MR. KEVIN LAINE - ATTORNEY)

4. MR. SAMUEL REFUSED ME MY RIGHT TO A TRIAL BY JURY BECAUSE I DIDN'T HAVE ANOTHER $3,500 TO GIVE HIM ON THE DAY OF TRIAL.

5. MR. SAMUEL TOLD ME THAT I HAD TO SIGN A PLEA DEAL FOR ASSAULT IF I DID NOT HAVE THE MONEY.

6. MR. SAMUEL NEVER TELLS ME ABOUT THE ELEMENT OF SERIOUS BODILY INJURY AND HE ALLOWS PROSECUTOR TO INCLUDE THE ELEMENT IN AN AMENDMENT AFTER THE PLEA BARGAIN WAS SIGNED ALREADY. Though NOT IN PLEA PAPERS.

7. I NEVER WANTED TO ENTER A PLEA AGREEMENT AND WOULD NOT HAVE IF I HAD BEEN GIVEN THE MEANING OF SERIOUS BODILY INJURY AND NOT TOLD I HAD NO CHOICE IF I COULD NOT COME UP WITH $3,500 IMMEDIATELY.

8. I AM BRINGING CLAIMS IN GOOD FAITH BECAUSE I AM ACTUALLY INNOCENT OF THE OFFENSE OF AGGRAVATED ASSAULT AND HAD NO INTENT ON PLEADING TO A CHARGE WHICH WAS NOT A LESSER-INCLUDED OFFENSE OF ORIGINAL CHARGE.

EXECUTED ON THIS 30th DAY OF DECEMBER, 2014.

Willie Henry III

CASE No. 98575          COUNT SINGLE

INCIDENT NO./TRN: 9062743064

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 252ND DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| WILLIE HENRY III | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX07516757 | § | |

## JUDGMENT ADJUDICATING GUILT

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. LAYNE WALKER | Date Judgment Entered: | January 14, 2009 |
| Attorney for State: | PERRY THOMAS | Attorney for Defendant: | KEVIN LAINE |

Date of Original Community Supervision Order: 10/1/2007

Statute for Offense: 22.02 Penal Code

Offense for which Defendant Convicted:
AGGRAVATED ASSAULT

Date of Offense:
05/01/2000

| Degree: 2ND DEGREE FELONY | Plea to Motion to Adjudicate: TRUE | Findings on Deadly Weapon: N/A |
|---|---|---|

Terms of Plea Bargain:
DEFERRED PROBATION FOR A TERM OF 3 YEARS. A FINE AMOUNT OF $750.00

| Date Sentence Imposed: 1/12/2009 | Date Sentence to Commence: 1/12/2009 |
|---|---|

| Punishment and Place of Confinement: | 18 YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|

☐ VICTIM (see below)  ☒ AGENCY/AGENT (see below)
JEFFERSON COUNTY COMMUNITY
SUPERVISION AND CORRECTIONS
DEPARTMENT
820 NECHES ST
BEAUMONT TX 77701
ADMININSTRATIVE FINANCIAL
OBLIGATIONS $ 1317.00

$ N/A          $ 863.00          $ N/A

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was N/A

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| Time Credited: | From **05/10/2002** to **07/19/2005**    From **11/10/2008** to **01/12/2009**    From to |
| | From    to      From    to      From    to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of 3 YEARS; (4) The Court assessed a fine of $ **750.00**; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:

CONDITION # 2,14

Accordingly, the Court GRANTS the State's Motion to Adjudicate the Defendant's Guilt in the above cause. FINDING the Defendant committed the offense on the date as noted above, the Court ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the      . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of      County, Texas on the date the sentence is to commence. Defendant shall be confined in the County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the      . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the      County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**54**

Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

**Signed and entered on January 14, 2009**

X _____
LAYNE WALKER
JUDGE PRESIDING

Clerk: K.CARTER

Right Thumbprint

PETITION FOR WRIT OF MANDAMUS

IN RE WILLIE HENRY, III



IN RE WILLIE HENRY, III
~~PETITIONER~~ RELATOR


V.


252ND CRIMINAL DISTRICT COURT

JEFFERSON COUNTY, TEXAS
RESPONDENT

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

# PARTIES INVOLVED

## STATE

MR. PERRY THOMAS
SBOT: 19849120
ASST. D.A.
1001 PEARL ST
BEAUMONT, TX. 77701

## DEFENSE

MR. AUDWIN SAMUEL
TRIAL ATTORNEY
SBOT: 00791595
505 MILAM
BEAUMONT, TX. 77701

MR. KEVIN LAINE
REVOCATION ATTORNEY
SBOT: 00798313
1104 ORLEANS ST.
BEAUMONT. TX. 77701

MR. HUGH O'FEIL
APPEAL AFTER REVOCATION
2345 CALDER AVE.
BEAUMONT, TX. 77702

# TABLE OF CONTENTS

PARTIES INVOLVED — i

TABLE OF CONTENTS — i

INDEX OF AUTHORITIES — ii

STATEMENT OF CASE — iii

JURISDICTION — P. 1

STATEMENT OF FACTS — P. 2

ARGUMENT — P. 3

PRAYER — P. 5

CERTIFICATION — P. 6

APPENDIX

EX: A1, A2  INDICTMENTS

EX: B1-3  DOCKET SHEETS

EX: C1.2  ARCHIE HENRY AFFIDAVIT

EX: D REPORTER'S RECORD VOL. 2

EX: E REPORTER'S RECORD VOL. 3

EX: F1-3  PSI

EX: G1-2 PLEA PAPES

EX: H PORTION RELEVANT R.R. VOL. 5, P. 14

i

# INDEX OF AUTHORITIES

BAGGET V. ST., 342 S.W. 3d 172                                    P.-5

DUDLEY V. ST., 334 S.W. 3d 20                                     P-3

HENDERSON V. MORGAN, ___ U.S. ___, 96 S.CT. 2253                  P-3

HERNANDEZ V. ST., 127 S.W. 3d                                     P-3

HOLLOWAY V. ARKANSAS, 435 U.S. 475,                              P-4

MEMPA V. RHAY, 389 U.S. 128, 134                                 P-4

NICHOLS V. ST., 52 S.W. 3d 501                                   P-3

SANCHEZ V. ST., 543 S.W. 2d 132                                  P-4

VASQUEZ V. ST., 140 S.W. 3d 758                                  P-4

## STATEMENT OF CASE

IN JULY TERM OF 2005 THE GRAND JURY ISSUED AN INDICTMENT FOR SEXUAL ASSAULT IN CAUSE NO. 86400. ACCORDING TO DOCKET SHEET THE GRAND JURY ISSUED A RE-INDICTMENT IN CAUSE. NO. 98575. RELATOR WAS NEVER ARRAIGNED IN COURT ON CAUSE 98575.

ON OCTOBER 1, 2007, THE TRIAL COURT ORDERS 3 YEARS DEFERRED ADJUDICATION, STATING THAT IT FINDS EVIDENCE SUFFICIENT TO SUBSTANTIATE THE OFFENSE OF AGGRAVATED ASSAULT. (R.R. V. 3)

SUBSEQUENTLY, ON JANUARY 12, 2069, THE PROBATION WAS REVOKED AND RELATOR WAS SENTENCED TO 18 YEARS TDCJ. (R.R. V. 5)

AN APPEAL WAS FILED BY ATTORNEY HUGH O'FIEL IN 9th C.O.A. THE CONVICTION WAS AFFIRMED BECAUSE IAC COULD NOT BE RAISED IN AN APPEAL.

MR. HENRY FILES A PRO SE WRIT § 11.07 (73,015-01) WHICH WAS DENIED WITHOUT A WRITTEN ORDER AND WITHOUT A FULL AND FAIR HEARING. THE TRIAL COURT USED A PERJURED AFFIDAVIT BY MR. SAMUEL. MR. HENRY HAS FILED SUBSEQUENT WRITS. MOST RECENT (98575-F) WHICH THE TRIAL COURT HAS ERRONEOUSLY ASKED THIS HONORABLE COURT TO DISMISS. THE REQUEST IS AN ERROR IN LAW, SINCE THE ISSUE INVOLVES A MISCARRIAGE OF JUSTICE, A VOID JUDGMENT AND FEDERAL CONST. CREATED THE UNJUST VERDICT IN WHICH NO REASONABLE TRIER OF FACT COULD HAVE FOUND RELATOR GUILTY OF AGGRAVATED ASSAULT, SINCE THERE ARE NO FACTS IN EVIDENCE TO SUBSTANTIATE SERIOUS BODILY INJURY AS ALLEGED BY PROSECUTOR. (EVEN THOUGH HE KNEW NO SUCH INJURY WAS CLAIMED NOR OCCURRED).

NO. _____

IN RE WILLIE HENRY III
              RELATOR

V.

252nd CRIMINAL DISTRICT COURT
JEFFERSON COUNTY, TX.
              RESPONDENT

IN THE COURT OF

CRIMINAL APPEALS, TX

IN RE WILLIE HENRY III

PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES, I WILLIE HENRY III, FILING PRO SE THIS PETITION FOR WRIT OF MANDAMUS COMPLAINING OF THE JUDGMENT OF CONVICTION FOR AGGRAVATED ASSAULT FROM THE 252nd CRIMINAL DISTRICT COURT, JEFFERSON COUNTY, TX IN CAUSE NO. 98575. RELATOR HAS NO ADEQUATE REMEDY AT LAW. RULE 25.2

I.

ON THE 12th DAY OF JANUARY, 2009 THE HONORABLE JUDGE LAYNE WALKER ADJUDICATED GUILT AND SENTENCED RELATOR TO 18 YEARS CONFINEMENT IN T.D.C.J. AND RELATOR IS INCARCERATED AT THE WYNNE UNIT PRISON, HUNTSVILLE, TX.

II.

THIS HONORABLE COURT HAS JURISDICTION OF THIS FINAL FELONY CONVICTION PURSUANT TO TX. GOV. CODE § 22.221 and TX. CONST. ART. 5 § 5.

III.

RELATOR PRESENTS THESE FOLLOWING ISSUES and WILL SHOW THE FOLLOWING:

1. PLEA WAS INVOLUNTARY DUE TO IAC and DOES NOT SUPPORT CONVICTION

2. THE INVOLUNTARY WAIVER OF JURY TRIAL RENDERS JUDGMENT VOID

3. THERE IS NOT SUFFICIENT EVIDENCE TO SUPPORT SERIOUS BODILY INJURY AS

P-1

IS ALLEGED IN PROSECUTOR'S AMENDMENT OF ORIGINAL INDICTMENT.

## IV.

## FACTS OF CASE

[ALL RELATOR'S COPIES OF DOCUMENTS WERE SERVED IN 73:015-12. PLEASE PULL THOSE FROM YOUR FILE].

1. EVERY STATEMENT CONTAINED HEREIN IS TRUE AND CORRECT AS WELL AS ANY EXHIBITS CONTAINED, AND I HAVE PERSONAL KNOWLEDGE OF THAT FACT.

2. IN JULY TERM OF 2005 THE GRAND JURY ISSUED INDICTMENT ON SEXUAL ASSAULT ALLEGING RELATOR COMMITTED SUCH ALLEGATION c. MAY, 1, 2000.

3. RELATOR HIRED MR. AUDWIN SAMUEL FOR DEFENSE AND GAVE HIM LIST OF WITNESSES WHICH MR. SAMUEL NEVER CONTACTED.

4. SEPTEMBER, 2006, IT IS SAID THAT THE GRAND JURY ISSUED A REINDICTMENT ALTHOUGH THE INDICTMENT STATES IT WAS AT THE JULY 2005 TERM WHEN ISSUED. (See Indictment and Docket Sheet)

5. RELATOR WAS NEVER ARRAIGNED ON THE REINDICTMENT (98575) ONLY ORIGINAL (86400)

6. CASE WAS SET FOR TRIAL ON AUGUST 27, 2007. TRIAL COUNSEL TOLD RELATOR HAD TO PAY ADDITIONAL $3,500 TO HAVE A JURY TRIAL OR HE HAD TO SIGN A PLEA DEAL FOR THE LESSER-INCLUDED OFFENSE OF AGGRAVATED ASSAULT.

7. RELATOR MAKES IT KNOWN THAT HE WAS NOT GUILTY BUT WAS MADE TO ENTER THE PLEA BARGAIN BECAUSE HE DIDN'T HAVE ANY MORE MONEY. (PSI)(R.R.V. 5, P.14)

8. THE PLEA PAPERS DID NOT INCLUDE SBI Element NECESSARY FOR CONVICTION FOR AGGRAVATED ASSAULT AS ALLEGED WHEN PROSECUTOR MADE AMENDMENT.

9. AMENDMENT MADE AFTER PLEA PAPERS HAD ALREADY BEEN SIGNED. MADE DURING PLEA HEARING. (R.R. V.2)"LIVE PLEADINGS" DID NOT CONTAIN S.BI. ELEMENT

10. TRIAL COUNSEL, COURT, NOR PROSECUTOR APPRISED RELATOR OF THE VITAL ELEMENT OF SBI. (R.R. V.2; PLEA PAPERS)

11. RELATOR ASKED TRIAL COUNSEL TO GET A RESET BECAUSE HE WANTED A JURY TRIAL SINCE HE WAS INNOCENT OF ALL CHARGES.

# V.

## ARGUMENTS

TRIAL COUNSEL WAS INEFFECTIVE DURING PLEA BARGAIN PHASE AND HIS ADVICE TO PLEAD TO AN AGGRAVATED ASSAULT OFFENSE AS A LESSER-INCLUDED OFFENSE TO SEXUAL ASSAULT AS ALLEGED BY THE GRAND JURY. THE TX. CODE OF CRIMINAL PROCEDURE ART. § 37.09 GOVERNS LESSER-INCLUDED OFFENSES. BECAUSE THE ELEMENT OF SERIOUS BODILY INJURY (SBI) WAS NOT CONTAINED IN THE ORIGINAL CHARGE OF SEXUAL ASSAULT. IT WAS IMPROPER FOR A PLEA BARGAIN IN THIS SITUATION. DUDLEY V. ST. 334 S.W.3d 20

IN ADDITION, COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT TO AN AMENDMENT WHICH NOT ONLY ADDED DIFFERENT ELEMENTS WHICH WERE NOT INCLUDED IN THE GRAND JURY INDICTMENT OR PLEA BARGAIN PAPERS; BUT THE AMENDMENT ON THE DAY OF THE TRIAL ON MERITS COMMENCED IS NOT ALLOWED AT SUCH A TIME. TX. C.C.P. ART. § 28.10 et.seq. HE SHOULD HAVE OBJECTED, AND THAT OBJECTION WOULD HAVE BEEN GRANTED. NICHOLS V. ST. 52 S.W. 3d 501 COUNSEL SHOULD HAVE ALSO OBJECTED OR FILED MOTION TO QUASH AGGRAVATED ASSAULT BASED UPON THE CHARGE BEING TIME-BARRED, WHEN AN AMENDED CHARGE ALLEGES A DIFFERENT OFFENSE IT IS SUBJECT TO THE STATUTE OF LIMITATIONS. HERNANDEZ V. ST. 127 S.W.3d

BY COUNSEL'S FAILURE IN THIS CASE, ESPECIALLY, NOT APPRISING RELATOR OF SBI ELEMENT WHICH WAS ADDED BY THE PROSECUTOR, AFTER THE PLEA PAPERS, WHICH DID NOT INCLUDE THE ELEMENT, INFECTED THE RELIABILITY OF THE VERDICT. THIS CAUSED THE GUILTY VERDICT TO REST ENTIRELY and WHOLLY ON AN INVOLUNTARY PLEA and INVOLUNTARY JUDICIAL CONFESSION. HENDERSON V. MORGAN, ___ U.S. ___ 96 S.CT. 2253

WHEN COUNSEL TOLD RELATOR HE HAD TO COME UP WITH MORE MONEY OR GIVE UP HIS RIGHT TO A JURY TRIAL, HE DENIED RELATOR HIS SUBSTANTIAL RIGHT.

MR. SAMUEL, IN FACT SHOULD HAVE ASKED THE COURT TO ALLOW HIM TO WITHDRAW AND APPOINT COUNSEL TO REPRESENT RELATOR IN A JURY TRIAL. THE TRIAL COURT IS ALSO RESPONSIBLE SINCE IT HAD INFORMATION BEFORE IT IN THE PSI THAT RELATOR HAD NOT VOLUNTARILY WAIVED THE RIGHT TO A TRIAL BY JURY. THE COURT HAD A RESPONSIBILITY TO INQUIRE INTO THE CONFLICT OF INTEREST. HOLLOWAY V. ARKANSAS, 435 U.S. 475

AT THE POINT WHEN THE TRIAL COURT REALIZED OR SHOULD HAVE REALIZED THAT RELATOR WAS BEING DENIED THE EQUAL PROTECTION OF THE LAW, THERE SHOULD HAVE BEEN AN ATTORNEY APPOINTED FOR HIM. A DEFENDANT IS ENTITLED TO BE REPRESENTED BY COUNSEL EVEN IF HE DOES NOT SPECIFICALLY REQUEST ONE. "WHEN ASSISTANCE OF COUNSEL CONSTITUTIONALLY REQUIRED, APPOINTED COUNSEL MUST BE FURNISHED EVEN ABSENT REQUEST." MEMPA v. RHAY, 389 U.S. 128, 134 IN THIS PRESENT CASE, THE TRIAL COURT ACKNOWLEDGES THAT IT KNEW THE SITUATION YET FAILED TO ACT. (R.R. V.5. P.14)

THE TRIAL COURT ALSO SHOULD HAVE WITHDRAWN THE NO CONTEST PLEA WHEN THE STATE FAILED TO PRESENT ANY EVIDENCE TO SUBSTANTIATE THE ALLEGATION OF SERIOUS BODILY INJURY and WHERE IT IS NOT INCLUDED IN THE PLEA PAPERS EITHER. SANCHEZ V. ST., 543 S.W. 2d 132

## VI.

## CONCLUSION

RELATOR WAS DENIED HIS FAIR AND IMPARTAIL JURY TRIAL. IF THE OPINION OF THE 14th C.O.A. IS CORRECT IN VASQUEZ, THAT AN INVOLUNTARY WAIVER OF A JURY TRIAL RENDERS THE JUDGMENT VOID, THEN THIS HONORABLE COURT SHOULD DECLARE CAUSE NO. 98575 A NULLITY. AND BECAUSE OF INCOMPETENCE OF TRIAL COUNSEL AND PARTICULARLY, HIS FAILURE TO APPRISE RELATOR OF THE (VASQUEZ, 140 S.W. 3d 758)

CRITICAL AND NECESSARY ELEMENT OF SERIOUS BODILY INJURY.

IN THIS PETITION, IT IS MY BURDEN TO PROVE THE FACT ALLEGED. HOWEVER, "WHEN A PARTY HAS BURDEN TO PROVE A FACT, NO AFFIRMATIVE EVIDENCE IS REQUIRED TO SUPPORT ITS NON-EXISTENCE OR TO PERMIT A NEGATIVE FINDING ON THE ISSUE." EVANS V. POLLOCK, 793 S.W. 2d 14; 796 S.W. 2d 465 IN THIS PRESENT CASE BEFORE THIS HONORABLE COURT, RELATOR HAS SHOWN THAT THE ELEMENT OF SBI WAS NOT INCLUDED IN THE PLEA PAPES AND THAT THE ELEMENT WAS ADDED TO THE CHARGING INSTRUMENT BY THE PROSECUTOR AT THE PLEA HEARING AFTER THE PLEA PAPERS, ALLEGED JUDICIAL ADMISSION, AND WAIVERS WERE ALREADY EXECUTED. THEREFORE THE ALLEGED JUDICIAL ADMISSION WAS EXECUTED WITH-OUT ANY INTENTION OF ADMITTING TO THE UNKNOWN ELEMENT OF S.B.I. WHICH IS A NECESSARY ELEMENT TO SUBSTANTIATE AGGRAVATED ASSAULT AS ALLEGED IN THE STATE'S SUPERSEDED PLEADING. (P.C. § 22.02) (2000)

RELATOR RESPECTFULLY SUBMITS THAT THE COURT SHOULD FIND THAT TRIAL COUNSEL WAS NOT CONSTITUTIONALLY EFFECTIVE AND FELL WELL SHORT OF THE EFFECTIVE ASSISTANCE GAT GUARANTEED UNER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION NOR THE TEXAS CONSTITUTION. COUNSEL'S INCOMPET-ENCE PREJUDICED RELATOR BY HAVING TRIAL BY JUDGE ON ELEMENTS UN-KNOWN AND BEING SENTENCED TO 18 YEARS CONFINEMENT WHEN SERIOUS BODILY INJURY DID NOT OCCUR.

THE CONVICTION REST ENTIRELY ON AN INVOLUNTARY PLEA AND A WAIVER OF RELATOR'S ABSOLUTE RIGHT TO A TRIAL BY JURY WHICH WAS INVOLUNTARY. STRUCTURAL ERROR OCCURRED BY ACCEPTING PLEA. BAGGET V. ST., 342 S.W. 3d 172 (ART. 1.15)

## PRAYER

WHEREFORE PREMISES CONSIDERED, RELATOR PRAYS THAT THE WRIT OF MANDAMUS ISSUE, ORDERING THE PLEA WITHDRAWN AND REMAND THE CAUSE BACK TO THE TRIAL COURT WITHOUT DELAY ALLOWING RELATOR TO REPLEAD OR IN THE ALTER-NATIVE ORDER HEARING (EVIDENTIARY) FOR MOTION FOR NEW TRIAL.

RESPECTFULLY,

Willie Henry III
PRO SE
12-31-14
DATE

## MY CERTIFICATION
## DECLARATION

I, WILLIE HENRY III, AM CURRENTLY INCARCERATED AT THE WYNNE UNIT, 810 FM 2821, HUNTSVILLE, TEXAS, TDCJ ID # 1550834, DECLARES UNDER THE PENALTY OF PERJURY THAT I HAVE REVIEWED THE PETITION AND HEREBY CERTIFY AND CONCLUDED THAT EVERY FACTUAL STATEMENT IN THE PETITION IS SUPPORTED BY COMPETENT EVIDENCE INCLUDED IN THE APPENDIX OR RECORD. I ALSO SWEAR THAT EVERY DOCUMENT SUBMITTED INTO EVIDENCE ARE TRUE AND CORRECT COPIES OF THOSE RECEIVED FROM THE CLERK OF THE COURT AND REPORTER ACCORDING TO MY PERSONAL KNOWLEDGE.

## CERTIFICATE
## OF
## SERVICE

I, WILLIE HENRY III, RELATOR FILING PRO SE, CERTIFY THAT A COPY OF THE ABOVE MOTION FOR LEAVE AND PETITION FOR WRIT OF MANDAMUS HAS BEEN SERVED BY U.S. POSTAL SERVICE, POSTAGE PAID, ON THIS THE 7th DAY OF January, 2015, TO THE RESPONDENT AT THE FOLLOWING ADRESS:

252nd CRIMINAL DISTRICT COURT
1001 PEARL ST.
BEAUMONT, TEXAS 77701

Willie Henry III
PRO SE

1-7-14
DATE

P-6

NO. _____

IN RE WILLIE HENRY III
RELATOR,

v.

252nd CRIMINAL DISTRICT COURT
JEFFERSON COUNTY, TEXAS
RESPONDENT

IN THE COURT OF CRIMINAL
APPEALS, AUSTIN, TEXAS

IN RE WILLIE HENRY III

MOTION FOR LEAVE TO FILE

OUT OF TIME MOTION FOR NEW TRIAL

TO HONORABLE JUDGE,

I WILLIE HENRY III, FILES PRO SE, THIS MOTION FOR LEAVE TO FILE FOR AN OUT OF TIME MOTION FOR A NEW TRIAL. THIS IS FROM CAUSE NO. 98575 OUT OF THE 252nd CRIMINAL DISTRICT COURT, JEFFERSON COUNTY TX. JUDGE LAYNE WALKER WAS THE PRESIDING JUDGE AND ADJUDICATED GUILT FOR THE OFFENSE OF AGGRAVATED ASSAULT CAUSING SERIOUS BODILY INJURY ON JAN. 12, 2009. IT IS A FINAL FELONY CONVICTION, hereby GIVING THIS HONORABLE COURT JURISDICTION.

UNDER RULE 21.3 OF TX. RULES OF APPELLATE PROCEDURE, A DEFENDANT MUST BE GRANTED A NEW TRIAL FOR THE REASONS PRESENTED HERE. NAMELY:

Sec. (a) I DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL NOR AT THE CRITICAL STAGE OF FILING THE MOTION FOR NEW TRIAL.

(e) MY MATERIAL WITNESS WAS NEVER INTERVIEWED BY COUNSEL AND KEPT FROM PRESENTING TESTIMONY

(h) THE VERDICT WAS CONTRARY TO THE EVIDENCE PRESENTED AND DID NOT SATISFY ART. 1.15 C.C.P. NOR P.C. § 2.01

THE CONVICTION MUST BE CONSIDERED VOID IF THE 14th C.O.A. OPINION IS CORRECT. QUESTION FOR C.C.A. DOES AN INVOLUNTARY WAIVER OF TRIAL BY JURY

I.

RENDER A JUDGMENT VOID? SEE: VASQUEZ, 140 S.W. 3d 758

I DO NOT HAVE ANY MORE DOCUMENTS FROM THE COURT. HOWEVER, THEY WERE PRESENTED TO THIS HONORABLE COURT AND DISTRICT ATTORNEY IN PREVIOUS PETITION 73,015-12

THE REQUEST (CLAIM) WAS PRESENTED IN 73,015-01 (98575-A) and (98575-F) FOR OUT OF TIME APPEAL AND MOTION BUT NEVER ADDRESSED BY THE TRIAL COURT ON THE MERITS. Although, TRIAL COUNSEL DID ADDRESS THE ISSUE IN HIS AFFIDAVIT BY STATING THAT HE FULFILLED HIS OBLIGATION. See 98575-A BUT ACCORDING TO ART. 26.04 HE WAS NOT RELIEVED OF THE OBLIGATION.

### PRAYER

WHEREFORE I WILLIE HENRY III, PRAYS THAT THIS HONORABLE COURT GRANTS MOTION FOR LEAVE TO FILE THE MOTION FOR A NEW TRIAL WHICH IS ATTACHED.

_Willie Henry III_
PRO SE

_12-31-14_

TDC # 1550834
WYNNE UNIT
810 FM 2821
HUNTSVILLE, TX. 77349

10 DORM - BUNK 51

### CERTIFICATE OF SERVICE

I WILLIE HENRY III DO CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SERVED BY U.S. POSTAL SERIVCE TO THE RESPONDENT ON THIS THE 7th day of January , 2015 at the following address: 1001 PEARL BEAUMONT, TX. 77701

_Willie Henry III_
PRO SE

II.

NO. _____

IN RE WILLIE HENRY III
RELATOR

V.

252nd CRIMINAL DISTRICT COURT
JEFFERSON COUNTY, TEXAS
RESPONDENT

IN THE COURT OF CRIMINAL
APPEALS, AUSTIN, TEXAS

IN RE WILLIE HENRY III

MOTION FOR NEW TRIAL (OUT OF TIME)

I.
JURISDICTION

THIS HONORABLE COURT OF CRIMINAL APPEALS HAS JURISDICTION OF
THE FINAL FELONY CONVICTION FROM CAUSE No. 98575 OUT OF THE 252nd
CRIMINAL DISTRICT COURT, JEFFERSON COUNTY, TEXAS. VERNON'S TEXAS
CONSTITUTION ART. 5 § 5; VERNON'S TEXAS GOVERNMENT CODE § 22.221

II.

REASON REQUESTED

I WILLIE HENRY, III, FILE PRO SE MOTION FOR NEW TRIAL PURSUANT TO
TEXAS RULES OF APPELLATE PROCEDURE: RULE 21.3 (a) (e) (h); "A NEW TRIAL, OR
A NEW TRIAL ON PUNISHMENT" MUST BE GRANTED ACCORDING TO THIS RULE
BECAUSE IN CAUSE No. 98575, THE FOLLOWING TOOK PLACE:

1. TRIAL COUNSEL ABANDONED ME DURING TIME TO FILE APPEAL AND TIME TO
FILE A MOTION FOR NEW TRIAL. BY DOING SO, HE DEPRIVED ME OF THE FOLLOW-
ING MERITORIOUS GROUNDS TO WITT:

-1-

* AS THE DEFENDANT IN CAUSE NO. 98575, I WAS DEPRIVED OF A FAIR AND IMPARTIAL TRIAL IN VIOLATION OF RIGHTS UNDER THE U.S. CONSTITUTION CONSTITUTIONAL AMENDMENTS 5th, 6th and 14th AND TEXAS CONSTITUTION ARTICLES 1 §10, 1 §15, 1 §19 AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL.

2.) MR. AUDWIN SAMUEL DENIED ME MY ABSOLUTE RIGHT TO A JURY TRIAL, WHICH I REQUESTED. THE RECORD WILL REFLECT THE "CONFLICTING INTERESTS." HOLLOWAY v. ARKANSAS, ~~US~~ U.S. __, 98 S.CT. 1173, 1181 (1978) THE TRIAL COURT WAS AWARE THAT MR. SAMUEL DEMANDED ADDITIONAL $3,500 FROM ME ON THE DATE OF TRIAL AND BECAUSE I DIDN'T HAVE IT, HE SAID THAT I HAD TO ~~SELF~~ ENTER A NO CONTEST PLEA TO AGGRAVATED ASSAULT. (See: PSI and R.R. Vol. 5, P. 14; MY LAST COPIES OF ALL DOCUMENTS WERE ENTERED AS EXHIBITS IN WR. NO. 73,015-02 TO THIS HONORABLE COURT)

3.) MR. SAMUEL FAILED TO INTERVIEW MATERIAL DEFENSE WITNESS WHO'S TESTIMONY WOULD HAVE PROVIDED LEGITIMATE DEFENSE UNDER TX. RULES OF EVIDENCE RULE 412 (b) (2) (B)(C) (SEE AFFIDAVIT EXHIBIT C-1.2) NOR DID MR. SAMUEL INTERVIEW ALLEGED VICTIM. "AN ATTORNEY HAS A DUTY TO INDEPENDENTLY INVESTIGATE THE CHARGES AGAINST HIS CLIENT." BOWEN v. QUARTERMAN, 497 F. 3d 459, __ U.S. __, 128 S. CT 2051

4.) MR. SAMUEL FAILED TO OBJECT TO A SUBSTANTIAL AMENDMENT OF THE GRAND JURY INDICTMENT ON THE DAY ~~OF~~ TRIAL ON MERITS COMMENCED. UNDER THE TX. C.C.P. ART. § 28.10 DOES NOT ALLOW AMENDMENT AT SUCH TIME. WILLIAMS v. STATE, 837 S.W. 2d 819 COUNSEL'S ERROR PREJUDICED ME, IN THAT IT RESULTED IN TRIAL OF OFFENCE WHICH WAS NOT ALLEGED NOR REVIEWED BY A DULY ORGANIZED GRAND JURY. TX. C.C.P. ART. § 1.141 (NO WAIVER BY ME)

5.) MR. SAMUEL FAILED TO FILE MOTION TO QUASH BASED UPON LIMITATIONS. AGGRAVATED ASSAULT HAD A 3 YEAR STATUTE OF LIMITATION. ART. 12.01 - 12.03 (2000) BECAUSE IT WAS A DIFFERENT CHARGE FROM ORIGINAL GRAND JURY IT WAS BARRED BY LIMITATIONS. HERNANDEZ v. ST., 127 S.W. 3d 768

6.) MR. SAMUEL FAILED TO APPRIZE ME OF A CRITICAL ELEMENT (SERIOUS BODILY INJURY) RESULTING IN AN INVOLUNTARY PLEA. U.S. v. ABERNATHY, 83 F. 3d 19

-2-

## III.

THE JUDGMENT IS CONTRARY TO THE LAW and EVIDENCE. V.T.A.P.C. § 2.01, V.T.A.C.C.P. § 1.15. THE STATE INTRODUCES NO EVIDENCE TO SUBSTANTIATE THE VITAL ELEMENT OF SERIOUS BODILY INJURY. THE PLEA PAPERS CONTAIN AN ALLEGED JUDICIAL CONFESSION. THE ALLEGED CONFESSION DOES NOT INCLUDE THE NECESSARY ELEMENT OF SERIOUS BODILY INJURY. BECAUSE COUNSEL, COURT NOR PROSECUTOR GIVES TRUE NOTICE OF THE VITAL ELEMENT, DUE PROCESS WAS DENIED AND THE NO CONTEST PLEA, AS WELL AS JUDICIAL CONFESSION WAS NOT GIVEN KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY. U.S. V. BRIGGS, 939 F.3d 222, 227-28; ALLEN V. ST. 249 S.W. 3d 680

"... A GUILTY PLEA WILL NOT SUPPORT A CONVICTION WHERE THAT PLEA IS MOTIVATED BY SIGNIFICANT MISINFORMATION CONVEYED BY DEFENSE COUNSEL." IT CAN NOT BE PRESUMED THAT ... "DEFENDANT UNDERSTOOD THE MEANING OF A LEGALLY-DEFINED TERM SIMPLY BECAUSE THE TERM WAS READ TO HIM." [DURING PLEA HEARING] HENDERSON V. MORGAN, __ U.S. __ 96 S.CT. 2253; BURKE V. ST. 80 S.W. 3d 93, 95 (SERIOUS BODILY INJURY DEFINED, V.T.A. P.C. § 1.07 (a)(46))

## IV.

BECAUSE THIS WAS A PLEA BARGAIN CASE I WAS BARRED FROM BRINGING AN INVOLUNTARY PLEA AND IAC CLAIM ON APPEAL. RULE 25.2 THE CLAIMS WERE TO BE RAISED IN A MOTION FOR NEW TRIAL. HOWEVER COUNSEL ABANDONED ME AT THIS CRITICAL STAGE. DITTO V. ST. 898 S.W. 2d 383

I ATTEMPTED TO RAISE THE ISSUES IN HABEAS WR. NO. 73,015-01 BUT BECAUSE I HAD NO ASSISTANCE AND NO TRAINING IN LAW, PROPER CONSIDERATION WAS NOT GIVEN TO THE ISSUES PRESENTED, THE TRIAL COURT DID NOT PROVIDE A FULL AND FAIR EVIDENTIARY HEARING. HAD THEY DONE SO, I MAY HAVE BEEN ABLE TO EXPRESS CLAIMS MORE ADEQUATELY. MARTINEZ V. RYAN, __ U.S. __ 132 S.CT. 1309, 1313, 1314

## V.

ALL WAIVERS WERE INVOLUNTARY DUE TO TRIAL COUNSEL'S MISREPRESENTATIONS THAT I HAD TO WAIVE JURY TRIAL BECAUSE I RAN OUT OF MONEY. "AN INVOLUNTARY WAIVER OF THE RIGHT TO A JURY TRIAL WILL RENDER A JUDGMENT

VOID." ST. v. VASQUEZ, 140 S.W. 3d 758 AND "THE RIGHT OF TRIAL BY JURY SHALL REMAIN INVIOLATE." TX. CONST. ART. 1 § 15 MCMANUS - WYATT PROD. v. TX. DEPT. OF AGRICULTURE, 140 S.W. 3d 826 SUCH A WAIVER OF THE SIXTH AMENDMENT RIGHT TO AN IMPARTIAL JURY MUST BE KNOWINGLY AND VOLUNTARILY MADE BY THE DEFENDANT." U.S.C.A. 6 CALDWELL V. THALER, 770 F. Supp. 2d 849

## VI.

WHEREFORE, PREMISES CONSIDERED, I WILLIE HENRY III PRAYS THAT THIS HONORABLE COURT GRANT AN EVIDENTIARY HEARING, AND FOLLOWING SAID (FULL AND FAIR) HEARING, THAT THE COURT GRANT A NEW TRIAL IN THIS CAUSE.

Willie Henry III
PRO SE

1-7-14
DATE

## CERTIFICATE OF SERVICE

I, WILLIE HENRY III, HEREBY CERTIFY / DECLARE UNDER PENALTY OF PERJURY THAT EVERY STATEMENT CONTAINED HEREIN IS TRUE AND CORRECT ACCORDING TO MY PERSONAL KNOWLEDGE AND A TRUE AND CORRECT COPY HAS BEEN SERVED BY PRE-PAID U.S. POSTAL SERVICE TO RESPONDENT ON THIS THE 7th DAY OF January, 2015 AT 1001 PEARL ST. BEAUMONT, TX. 77701.

Willie Henry III
PRO SE

-4-

## ORDER SETTING HEARING

IT IS HEREBY ORDERED THAT DEFENDANT'S MOTION FOR NEW TRIAL IS SET FOR HEARING IN THE 252nd DISTRICT COURT OF JEFFERSON COUNTY, TEXAS ON THE _____ day of _____, 2015 at _____ O'clock AM/PM.

_____
JUDGE

## ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL

ON THE _____ DAY OF _____, 2015, CAME TO BE HEARD THE ABOVE DEFENDANT'S MOTION FOR NEW TRIAL. AFTER CONSIDERING THE MOTION AND THE EVIDENCE, THE COURT ORDERS THAT THE MOTION IS HEREBY IN ALL THINGS:

GRANTED _____

DENIED _____

_____
JUDGE

-5-

# APPENDIX

ALL EXHIBITS WERE PREVIOUSLY INCLUDED IN VOR. 73,015-12

Ex: A1, A2   INDICTMENTS
B1-3        DOCKET SHEETS
C1-2        ARCHIE HENRY AFFIDAVIT
D           REPORTER'S RECORD VOI. 2
E           RERORTER'S RECORD VOI. 3
F1-3        PSI
G1-2        PLEA PAPERS
H           PORTION R.R. VOI. 5, P. 14

Ex A-1

9/7/06

...E OF INDICTMENT
:PTEMBER 7, 2006

553) (DA NO. 78000)
IE STATE OF TEXAS

'05 SEP -7 A11:03

CAUSE NO. 98575
OFFENSE
**SEXUAL ASSAULT**
SEC. 22.011 (a)(1)(A)
**2ND DEGREE FELONY**

A99, ASSAY 22.02

;.

LLIE HENRY, III
MB) (DOB: 6-25-67)
60 FLAMINGO
AUMONT, TEXAS

REINDICTED FROM #86400

===============================================================

I N D I C T M E N T

===============================================================

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:**

COUNT I

THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the July Term, A.D., 2005, of the Criminal District Court of Jefferson County, in said County and State, upon oath in said Court present that **WILLIE HENRY, III**, hereafter styled the Defendant, on or about the 1st day of May, Two Thousand, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there ~~sexually~~ assault BARBARA WHERRY DEAN, hereafter styled the Complainant, by intentionally and knowingly *+ Recklessly* causing ~~the penetration of the female sexual organ of the Complainant by inserting his sexual organ, without the consent of the Complainant, and the Defendant compelled the Complainant to submit to such sexual assault by the use of physical force and violence and by threatening Complainant with the use of force and violence against Complainant~~, Serious Bodily Injury to the Complainant By the use of His Hoonds,

2

## COUNT II

THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the July Term, A.D., 2005, of the Criminal District Court of Jefferson County, in said County and State, upon oath in said Court present that **WILLIE HENRY, III**, hereafter styled the Defendant, on or about the 1st day of May, Two Thousand, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there sexually assault BARBARA WHERRY DEAN, hereafter styled the Complainant, by intentionally and knowingly causing the penetration of the female sexual organ of the Complainant by inserting his sexual organ, and the Defendant was a clergyman who caused the Complainant to submit and participate by exploiting the Complainant's emotional dependency on the clergyman in the clergyman's professional character as spiritual advisor,

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

_____
FOREMAN OF THE GRAND JURY

0035

# DOCKET~CRIMINAL DISTRICT COURT

98575

BONDSMEN: _____  OUT OF COUNTY BOND 20,000

| NUMBER | DATE OF FILING | | | PARTIES | ATTORNEYS | OFFENSE |
|---|---|---|---|---|---|---|
| | Month | Day | Year | | | |
| 98575 | 09 | 07 | 04 | THE STATE OF TEXAS | | SEXUAL ASSAULT REINDICTED FROM #86400 |
| | | | | VS. | | |
| | | | | WILLIE HENRY III | BMB | |

| DATE OF ORDERS | | | ORDERS OF COURT | VOL. | PAGE |
|---|---|---|---|---|---|
| Month | Day | Year | | | |
| 9 | 2 | 05 | Auawin Samuel hied. | | |
| 8 | 27 | 07 | The Defendant waived jury and pleads (guilty) (no contest) *Agg Assault* before the Court. The Court, after hearing the evidence, finds that it substantiates the defendant's guilt. All further proceedings are deferred until 10-1-07 A pre-sentence report is ordered by the probation department by | | |
| 10 | 1 | 07 | Court deferred all further proceedings in accordance with Article 42.12 C.C.P. Section 3d without entering an adjudication of guilt. Defendant is placed on Community Supervision for a term of 5 yrs years. Court assessed a fine of $ 750.00 | | |

Willie Henry III

| DATE OF ORDERS | | | ORDERS OF COURT—(Continued) | VOL. | PAGE |
|---|---|---|---|---|---|
| Month | Day | Year | | | |
| 7 | 31 | 08 | Court order entered regarding alleged probation vio- lation. The District Attorney is to immediately file a Motion to Revoke Probation in this case. A ca- pias has been issued. The bond in this case is set at _____ | | ) |
| 4 | 7 | 08 | MTR FILED Warrant issued | | |
| 11 | 19 | 08 | Kevin Laue is (appt., retained) as attorney. Copy of indictment sent to attorney with reset. | | |
| 12 | 8 | 08 | Hearing held on States MTRP. Defendant plead true to count____, Court found count____ to be true | | |
| 1 | 20 | 09 | Defendant found guilty by the Court. The Court as- sessed the defendant's punishment at confinement in the Institutional Division of the Texas Depart- ment of Criminal Justice for a term of _18 8/13 years. Defendant duly sentenced to _18 8/13 years confinement in the Institutional Division of the Texas Department of Criminal Justice. | | |

Received from the Clerk of the Court Commitment papers, on ___1 20 09___ date.
G. MITCH WOODS, Sheriff
By ___K May___, Deputy
Kent May

| | | | | | |
|---|---|---|---|---|---|
| 1 | 26 | 09 | Notice of appeal filed; Doug Barlow appt. | | |
| 1 | 28 | 09 | Order denying Appeal Bond filed. | | |

035

# DOCKET~CRIMINAL DISTRICT COURT

BONDSMEN: _____

| NUMBER | DATE OF FILING | | | PARTIES | ATTORNEYS | OFFENSE |
|---|---|---|---|---|---|---|
| | Month | Day | Year | | | |
| | | | | THE STATE OF TEXAS | | |
| 98575 | 09 | 07 | 06 | vs. | | Sexual Assult - Re-indicted from #86400 |
| | | | | Willie Henry III        BMB | | |

| DATE OF ORDERS | | | ORDERS OF COURT | VOL. | PAGE |
|---|---|---|---|---|---|
| Month | Day | Year | | | |
| 2 | 12 | 09 | Letter of representation filed from Hugh O'Feel. | | |
| 2 | 17 | 09 | Order relieving Douglas Barlow atty; Hugh O'Teel hired. | | |

# Exhibit C-1

## Sworn Affidavit

My name is Archie Audrey Henry and I am over the age of eighteen (18) years of age and I am competent to make this affidavit.

I understand that I am giving this statement under oath and this statement is to be used in court as testimony. I make this statement of my own free will and without any promise or offers of any favors, and without compulsion or persuasion by any persons whosoever, I do here make the following voluntary statement.

I am the wife of Willie Henry III and I was told by Willie that Attorney Samuels would be contacting me as a witness in the case, but I was never contacted. I even made myself available by attending all pre-trial court dates with my husband. Even went to Mr. Samuel's office with Willie to make payments. At no time did Mr. Samuel seek to interview me. If I had testified, and I was certainly available, this would have been my testimony.

We met Barbara Wherry Dean in Alabama in 1998 and became good friends. She became aware of our lifestyle as swingers during that time and she said she was OK with it. She approached my husband for a sexual relationship in 1999 and she was OK with me being there. Because we were swingers he would only participate if I was present. She did not express any apprehension. That was the only sexual encounter that took place in Alabama, between the 3 of us. It never happened in Texas where we all 3 participated, However, after she moved to Texas in 2000, (January), she would always climb into our bed naked, in order to have sex with Willie. I was always there in those encounters in Texas but never actively participated but he would never agree to have sex with her without my presence. He was extremely uncomfortable to be alone with

C-2

with her. If he refused to have sex with her she would always cry. Therefore, I never ever left the two of them alone. On every instance Barbara initiated the sex. Barbara who is a minister also, said that God had told her to move to Texas. We allowed her to move in with us until she could get her own place. She seemed to have more interest in a "Relationship" with Willie but he was already married. So was she, but separated from her husband. She said that God told her that she was going to marry a preacher and I told her she needs to leave the married ones alone. Willie is not the only married preacher that she approached for a relationship. She approached single ones as well. She had no positive relationship in her life and she asked me if my husband "could give her a baby" because she "wanted someone to love" her. I looked at her firmly told her no and because she got upset with me I told her that I think it would be best if she left. I asked her why was she upset, she said cause she "was going to get him (Willie) one way or the other. I told her that "he's already married and she just walked off. This is her other way working at getting him. The sex between them was always consensual and initiated by her. That's why Willie was insisting on going to trial but Mr. Samuel told him that he couldn't have any witnesses at a trial.

As to the aggravated assault Willie pleaded to; he explained to me when I visited him in prison on March 1, 2014, that they said he caused "serious bodily injury" to her and he told me the definition. I can say with all confidence and knowledge that during her stay with us from January 2000 - July or August 2000, she never physically got into conflict with Willie and she was certainly never treated or hospitalized for any medical conditions!

<- until Mr. Samuel needed more money

    I have read the above statement and it is true and correct to the best of my knowledge so help me God

MARY REISWIG
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 06-14-2017

Mary Beeg 5-16-14

EX-D

REPORTER'S RECORD

VOLUME 2 OF ___

TRIAL COURT CAUSE NO. 98575

THE STATE OF TEXAS         *        IN THE 252ND DISTRICT
                           *
                           *
VS.                        *        COURT OF
                           *
                           *
WILLIE HENRY, III          *        JEFFERSON COUNTY, TEXAS

* * * * * * * * * * * * * *

PLEA OF NO CONTEST

* * * * * * * * * * * * * *

On the 27th day of August, 2007, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Layne Walker, Judge Presiding, held in Beaumont, Jefferson County, Texas:

Proceedings reported by Machine Shorthand.

APPEARANCES

MR. PERRY THOMAS                MR. AUDWIN SAMUEL
SBOT NO. 19849120              SBOT NO. 00791595
Assistant District Attorney    Attorney At Law
1001 Pearl                     505 Milam
Beaumont, Texas 77701          Beaumont, Texas 77701



252ND DISTRICT COURT

## VOLUME 2

## PLEA OF NO CONTEST

|                              | PAGE |
|------------------------------|------|
| Case Called                  | 1    |
| Defendant Pleads No Contest  | 2    |
| Case Reset                   | 3    |
| Reporter's Certificate       | 4    |

252ND DISTRICT COURT

8/27/07

THE COURT: Good afternoon, sir. Other than your hand, are you doing okay?

THE DEFENDANT: Yes, sir.

THE COURT: Are you Willie Henry, III?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Samuel, will he waive the formal reading?

MR. SAMUEL: Yes, sir, he will, Your Honor.

THE COURT: Mr. Henry, the indictment in your case alleges that on or about --

Well, is there any motions --

MR. THOMAS: There's a motion, Your Honor, to amend -- proceed only on Count 1 of this indictment and amend Count 1 of the indictment to insert the word -- after intentionally and knowingly, insert "and recklessly" and above that, the word "sexually" -- when it says sexually assault, eliminate the word "sexually." Then after the word "causing," eliminate the rest of the indictment and submit it -- submit that it reads serious bodily injury to the complainant by the use of his hands.

THE COURT: Is there any objection to that?

MR. SAMUEL: No objection to the amendment.

THE COURT: The indictment will be amended. I'm initialing that and putting today's date on that.

The indictment in your case alleges that on or about the 1st day of May of 2000, that you committed the offense of aggravated assault -- well, this indictment says "sexual" assault. I am amending the indictment to the offense of "aggravated" assault --

MR. SAMUEL: Under Section 22 --

THE COURT: That's all right. I'm going to go with aggravated assault.

To this indictment, sir, do you enter into a plea of guilty or not guilty?

THE DEFENDANT: No contest.

THE COURT: Have you entered into your plea of no contest of your own free choice?

THE DEFENDANT: Yes, sir.

THE COURT: And is this your signature here?

THE DEFENDANT: Yes, sir, the best I could do, yes, sir.

THE COURT: And prior to signing this document, did you read it and did Mr. Samuel explain it to you to your full and complete satisfaction?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about it?

THE DEFENDANT: No, sir.

THE COURT: State's tendered No. 1.

MR. SAMUEL: There's no objection, Your Honor. That will be under 22.02.

THE COURT: State's 1's admitted.

Any evidence that he's incompetent?

MR. SAMUEL: There's none, Your Honor.

THE COURT: Sir, you've entered into a proposed plea bargain agreement with The State. The proposal is that I defer all findings of guilt, place you on probation for a three-year period and assess a 750-dollar fine. Is that your understanding of the agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what you want me to do?

THE DEFENDANT: Yes, sir.

THE COURT: I'm going to accept your plea, reset you for sentencing on October 1st at 9:30. I'll get a P.S.I. report, and I'll see you at that time. Have a good day.

REPORTER'S RECORD

VOLUME 3 OF ___

TRIAL COURT CAUSE NO. 98575

THE STATE OF TEXAS       *       IN THE 252ND DISTRICT

                      *

VS.                     *       COURT OF

                      *

WILLIE HENRY, III       *       JEFFERSON COUNTY, TEXAS

* * * * * * * * * * * * * *

SENTENCING

* * * * * * * * * * * * * *

On the 1st day of October, 2007, the following proceedings

came on to be heard in the above-entitled and numbered

cause before the Honorable Layne Walker, Judge Presiding,

held in Beaumont, Jefferson County, Texas:

Proceedings reported by Machine Shorthand.

APPEARANCES

MR. PERRY THOMAS             MR. AUDWIN SAMUEL
SBOT NO. 19849120           SBOT NO. 00791595
Assistant District Attorney   Attorney At Law
1001 Pearl                  505 Milam
Beaumont, Texas 77701       Beaumont, Texas 77701


COPY

10/1/07

THE COURT: 98575 on Willie Henry.

Good morning, sir. Are you Willie Henry?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Henry, in your case I find the evidence to be sufficient to find you guilty of the offense of aggravated assault. I'm going to defer that finding, place you on probation for a three-year period, assess a 750-dollar fine. And I wish you the best of luck.

NAME:                    HENRY, Willie III

CAUSE NO:                98575                    Prepared By: Mark Michael Asteris, Jr.

## PRE SENTENCE INVESTIGATION

### POLICE/COURT VERSION:

On May 1, 2000, the defendant committed the offense of Aggravated Assault (2nd Degree Felony). The defendant was the victim's pastor. The victim is a (42) year old black female. The defendant twisted the words of the Bible and convinced the victim that he should be allowed to have concubines like King David in the Old Testament. The defendant had intercourse with his wife and the victim on three (3) occasions. The victim indicated she was afraid of the defendant because she saw him beat his wife. It should also be noted that the defendant impregnated the victim's sixteen (16) year old daughter.

### DEFENDANT'S VERSION:

The defendant was interviewed in order to allow him the opportunity to provide the court with his version of the offense. The defendant says he had a one time affair with the victim that occurred in Alabama. He says he pled guilty because he ran out of money to pay his attorney. The defendant says the victim made up this story after he refused impregnate her.

### STATEMENTS OF INTERESTED PARTIES:

Attempts to contact the victim were unsuccessful.

The police detective feels the plea bargain is insufficient. He believes the defendant is a sex offender who likely has more victims out there. In addition the defendant impregnated a sixteen (16) year old girl. The detective feels the defendant should have to register as a sex offender were he to get probation or jail.

### JUVENILE COURT HISTORY:

None

### ADULT MISDEMEANOR COURT HISTORY:

| Date of Offense | Offense | Disposition |
|---|---|---|
| 04-08-97 | Theft By Check | 04-05-99 Dismissed Restitution Made |
| 11-11-00 | Family Assault | 03-07-07 Instructed Verdict |
| 08-08-00 | Harassment | 08-21-01 Refused By District Attorney |

NAME:                          HENRY, Willie III

CAUSE NO:              98575                    Prepared By: Mark Michael Asteris, Jr.

---

## ADULT FELONY COURT HISTORY:

| Date of Offense | Offense | Disposition |
|---|---|---|
| 05-01-00 | Aggravated Assault | PRESENT CASE |

## SOCIAL/PERSONAL HISTORY

### Family/Social Structure

The defendant is a forty (40) year old black male originally from Beaumont, Texas who he currently resides in Denton County, Texas. He married his first wife in 1986 and divorced shortly after. There is one (1) child from that relationship age twenty (20). The defendant married his present wife in 1994. There are three (3) children from that relationship ages eleven (11), ten (10), and six (6). All the children reside with him and his wife.

### Educational/Employment History

The defendant is a high school graduate and he completed two (2) years of college studying psychology. He is presently employed through a temp agency doing labor. His employment history is unstable as he had only work in that fashion for about a week. He is also employed as a minister, but offense material suggests his ministry practices are somewhat questionable.

### Physical/Mental Health History

No mental health history was reported. The defendant recently suffered a broken hand and is prescribed pain medication.

### Substance Abuse History

In regard to substance abuse the defendant reported semi-monthly consumption of one (1) glass of wine. He first consumed alcohol at age seventeen (17) and last consumed alcohol in August 2007. No other substance abuse was reported.

### EVALUATION/PROGNOSIS:

The defendant was polite and cooperative during his Pre-Sentence Investigation interview. He says he is a family man and he always does what he can to help people. He claims he is involved in youth basketball camps and he does volunteer work. The defendant is an assistant pastor for a church in a non-paid position. He has been in ministry for twenty-two (22) years.

NAME:                    HENRY, Willie III                    (123-001)    F  3

CAUSE NO:                98575                    Prepared By: Mark Michael Asteris, Jr.

---

## Risk Factors:

The defendant scores as a Medium Risk on the Wisconsin Risk Assessment. His areas of concern include his denial and the assaultive nature of the offense.

## Need Factors:

The defendant scores as a Minimum Needs on the Wisconsin Needs Assessment. His areas of concern include his employment, financial management, and his sexual behavior.

## RECOMMENDATIONS:

Due to the defendant's criminal history, he appears to be an appropriate candidate for community supervision. Due to the defendant's actions towards the victim and her daughter the proposed plea bargain appears charitable.

## SUPERVISION PLAN:

If placed on probation, it is recommended that the defendant be ordered to:

1.      Do not enter any bar, tavern, lounge or similar place.

2.      Perform 800 hours of Community Service Restitution, a minimum of fifty percent (50%) to be served within the first year of receiving community supervision, to be served at a location to be determined later by the Court and the supervising jurisdiction.

3.      Be inside your home every day between 10:00 P.M. and 6:00 A.M., except for employment purposes.

4.      Abstain from the use of all intoxicating substances, including alcohol, in any form, and at all times.

5.      Submit to alcohol and/or drug screening at the direction of the Jefferson County Community Supervision and Corrections Department (JCCSCD) or supervising jurisdiction.

6.      Have no contact with the victim(s) of the offense: Barbara Wherry and Aqua Wherry, either in person, by telephone, via mail, electronic mailing, or through a third party.

7.      Submit to a Sex Offender Assessment and pay the required fee ($350.00), as directed by Jefferson County Community Supervision and Corrections Department (JCCSCD), which will be included in the defendant's monthly installment.

8.      Transfer this case to Denton County, Texas for courtesy supervision. The defendant is ordered to obey all rules and regulations of the supervising jurisdiction.

Date Completed: September 20, 2007

Ex. G-1
Plea Papers

## Stipulations, Waivers & Judicial Admission

Comes now the defendant, joined by my counsel, and states that I understand the foregoing admonishments from the Court and I am aware of the consequences of my plea. I am mentally competent and my plea is freely and voluntarily made. If counsel was appointed, I give up and waive any time provided to me by law to prepare for trial. I am totally satisfied with the representation provided to me by my attorney who provided fully effective and competent legal representation. Under Art. 1.14 C.C.P. I give up all rights given to me by law, whether of form, substance or procedure. Joined by my attorney, I give up my right to a jury in this case and my right to the appearance, confrontation and cross examination of the witnesses. I consent to oral and written stipulations and agree that they may be considered as evidence in my case. I have read the charging instrument and my attorney has explained it to me and I committed each and every element alleged. I give up my right to confidentiality of the pre or post sentence report and agree that it may be publicly filed in the papers of my case. I am guilty of the offense and all lesser included offenses charged against me in this case. I swear that all of the foregoing as well as the testimony I give is the truth, so help me God.

X _____
Defendant

Sworn to and subscribed to before my by the Defendant on this date. I hereby certify that the thumbprint shown below and on the docket sheet and/or community supervision order is that of the defendant in this case.

_____
Deputy District Clerk, Jefferson County

We join in and approve the waivers and stipulations made above by the defendant and certify that the defendant appears legally competent to stand trial; that all of the defendant's statements were freely and voluntarily made; and that the defendant's plea in this case was freely and voluntarily entered.

_____
Counsel For Defendant

_____
Prosecutor

_____
Presiding Judge

Defendant's Right Thumbprint                State Ex. No. 1

**FILED**
at _____ o'clock ___ M
AUG 2 7 2007
LOLITA RAMOS
CLERK, DISTRICT COURT OF JEFFERSON CO., TEXAS
BY _____ DEPUTY

## Defendant's Post Conviction Waivers

Comes now the defendant joined by his counsel, and in writing and in open Court waives and gives up any time provided and his right to file a Motion For New Trial, Motion For Arrest of Judgment or Notice of Appeal.

X _____
Defendant

_____
Counsel for Defendant

Exhibit G-2

# AGREED PUNISHMENT RECOMMENDATION
## Jefferson County District Courts

NO. 98575　　　　　　　　　　　DATE: 8-27-07

OFFENSE: _Aggreveated Assault_

DEFENDANT: _Willie Henry III_

It is mutually agreed and recommenced to the Court:

( ) Prosecution should proceed only on Count(s) _____

( ) Prosecution for the Lesser Included Offense of: _____

## PUNISHMENT

(X) Deferred Adjudication
(X) A fine in the amount of $ _753._
( ) Confinement in the Institutional Division for a term of _____ years
( ) After conviction, the defendant be placed on community supervision
( ) The defendant's punishment will not exceed a cap of _____ years in the Institutional Division
( ) The State will not make a specific punishment recommendation
( ) The State will dismiss cause(s) _____
( ) This sentence will run concurrently with: _____

( ) _____

The following NON BINDING recommendation are also made:
(X) Community Supervision for a period of _3_ years.

( ) Shock Probation

( ) Restitution Center　　　　( ) SAFPF

( ) _____

_____
Prosecutor

x _Willie Henry_
Defendant

_____
Counsel for Defendant

FILED
at ___ o'clock ___ M

AUG 2 7 2007

LOLITA RAMOS
CLERK, DISTRICT COURT OF JEFFERSON CO., TEXAS
BY _____ DEPUTY

SCANNED

mother at that time.

MR. LAINE: Your Honor, just as far as this accusation, which is despicable, clearly he did it. Clearly he has accepted responsibility for that.

THE COURT: Well, that's what I am trying to get down to is that -- at the time you said the only reason that you pled guilty was because you ran out of money to pay your attorney. You said the victims made the story up.

THE DEFENDANT: Right. And I was going to go -- I was going to go to trial, but Mr. Samuel told me I had to come up with another $3500.

THE COURT: But now you're standing here telling me that you did do this and you are guilty and --

THE DEFENDANT: Of -- what happened, I didn't -- what he told me I was -- I was found guilty of is being a pastor and manipulating a relationship, and that's not how it --

THE COURT: That's pretty much why I am spending so much time with you is just to pretty much show on the record how manipulative you are.

THE DEFENDANT: Okay.

MR. LAINE: Your Honor, I -- as far as the accusation that he's in violation of probation -- what